# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ELMANIE PIERRE BARTHELEMY, | : | No. 3:17cv1508 |
|---|---|---|
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| CLAIR DOLL, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Before the court is Magistrate Judge Martin C. Carlson's report and recommendation (hereinafter "R&R"), (Doc. 7), which proposes granting in part Petitioner, Elmanie Pierre Barthelemy's (hereinafter "petitioner" or "Barthelemy"), petition for habeas corpus (Doc. 1) to the extent petitioner should be afforded an individualized bond hearing.[1] Respondents object to the R&R. (Docs. 5, 7). The matter is now ripe for disposition.

**Background**[2]

On October 10, 2016, petitioner applied for admission to the United States from Mexico through the pedestrian lane at the San Ysidro, California port of

---

[1] Petitioner requested immediate release; a bond hearing, at which the government has the burden of proof as to danger to the community and flight; to retain jurisdiction of [sic] this case to exercise the court's supervisory authority if necessary following the bond hearing; and for such other relief as the court deems reasonable under all the circumstances of the case. (Doc. 1 at 9).

[2] In this brief background section we cite primarily to facts set forth in the R&R, which are not in dispute.

entry. (Doc. 7, R&R at 3). As petitioner had no entry documents to allow her to come into the United States, Customs and Border Protection agents (hereinafter "border agents") interviewed her. (Id.) Petitioner said that she left Haiti around April 2016; resided in Brazil for a period of months; left due to economic issues and the need to find work; and did not have a fear of persecution if she returned to Haiti.[3] (Id.) On October 11, 2016, petitioner was issued a notice and order of expedited removal pursuant to the Immigration and Nationality Act, 8 U.S.C. § 212(a)(7)(A)(i)(I), because at the time of her application for admission to the United States, she lacked a valid entry document. This rendered her an "arriving alien."[4] (Id.) As a result, petitioner has remained in custody continuously since October 10, 2016. (Id.)

Petitioner was provided a "credibile" fear hearing before an asylum officer (hereinafter "the AO") on February 8, 2017. Her testimony before the AO contradicted her previous statements to border agents. Whereas before she said she had no fear of persecution if returned to Haiti, she told the AO she feared return to Haiti due to her political beliefs and affiliation. (Id. at 4). The AO

---

[3] Although the record is not specific regarding petitioner's actual citizenship, it would appear that she is a Haitian citizen.
[4] Arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. (See Doc. 7, R&R at 3.)

2

considered her testimony and, on February 10, 2017, found petitioner had a credible fear of persecution or torture if returned to Haiti, notwithstanding the inconsistencies in her statements. (Id.) After the AO found petitioner credible, on February 17, 2017, petitioner was served with a notice to appear charging her with inadmissibility under 8 U.S.C. § 212(a)(7)(A)(i)(I) because she did not possess a valid visa, reentry permit, border crossing card or other valid document as required by law.

A merits hearing was held on August 30, 2017. An immigration judge issued a decision and order on September 18, 2017, in which he denied Barthelemy's application for asylum; denied her application for withholding of removal; denied her application for protection under the convention against torture; and ordered her to be removed from the United States to Haiti (Doc. 8-1, Obj. to R&R, Attach. 1). Meanwhile, petitioner filed the instant petition for a writ of habeas corpus on August 22, 2017, pursuant to 28 U.S.C. § 2241, (Doc. 1), seeking an individualized bond hearing before an immigration judge, hoping to be released from detention, thus bringing the case to its current posture.

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus).

**Standard of review**

When determining the disposition of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).

**Discussion**

The issue before us is whether a bond hearing is owed to an "arriving alien," who has been detained pending removal, for an amount of time she argues to be unreasonable within the context of fundamental due process. Magistrate Judge Carlson recommends granting petitioner a writ of habeas corpus to the extent of facilitating an individualized bond hearing. Respondents object to Magistrate Judge Carlson's recommendation, arguing the petition at bar should be denied because an arriving alien is statutorily required to be detained pursuant to 8 U.S.C. § 1225(b).[5]

---

[5] Initially, the issue of whether and when an "arriving alien" is entitled to an individualized bond hearing is presently pending before the Supreme Court. See Rodriguez v. Robbins, 804 F.3d 1060, 1065 (9th Cir. 2015), cert. granted sub nom. Jennings v. Rodriguez, 136 S. Ct. 2489 (2016) (No. 15-1204)).

4

The Third Circuit has addressed a very similar situation in <u>Chavez-Alvarez v. Warden York Cnty. Prison</u>, 783 F.3d 469 (3d Cir. 2015). Jose Juan Chavez-Alvarez was a young Mexican citizen when he entered the United States "without inspection and later adjusted to lawful permanent resident status." <u>Id.</u> 783 F.3d at 471. In time he married an American and later divorced. His two sons are American citizens. Things went awry for Chavez-Alvarez in 2000. He was serving in the United States Army, stationed in Korea, when a general court-martial convicted him of three crimes including one aggravated felony. As a result, he served thirteen (13) months in prison and was released on February 4, 2002. <u>Id.</u>

Immigration Customs and Enforcement agents arrested him on June 5, 2012, charging him with being removable under 8 U.S.C. §1227(a)(2)(A)(iii) due to his aggravated felony conviction. Subsequently he was ordered detained without bond pursuant to 8 U.S.C. § 1226(c). <u>Id.</u> Beginning on June 19, 2012, Chavez-Alvarez fought the removability charge. By the time he was finally granted a writ of habeas corpus and a hearing, two (2) years, ten (10) months, and five (5) days had passed since his 2012 arrest.

The Third Circuit held that the burdens to an alien's liberties outweigh any justification for detaining him without bond more than one year after removal proceedings had been commenced against him. Thus, the alien is entitled to a

5

bond hearing to determine whether, on evidence particular to him, it was necessary to continue to detain him, even though the case proceeded in a reasonable manner, where the alien's case involved complex issues of law, there was no evidence that the alien raised any of those issues or requested any continuances for purposes of delay, and the government had sufficient time to examine the information about the alien to assess whether he truly posed a flight risk or presented any danger to the community. Id. at 477, citing 8 U.S.C. § 1226(c).

Put another way, according to the Third Circuit, a criminal alien who has been ordered removed is entitled to an individualized bond hearing after one year of detention under 8 U.S.C. § 1226(c) as a matter of due process. The difference here is that our petitioner is a non-criminal "arriving alien" pursuant to Section 1225(b), not a "criminal alien." Therein lies the significance of Chavez-Alvarez to the case before us.

In making its decision in Chavez-Alvarez, the Third Circuit discussed another concern pinpointed by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001) (dealing with post-removal order detention under 8 U.S.C. § 1231(a)(6)). "The proceedings at issue here are civil, not criminal, and we assume that they are non-punitive in purpose and effect." Id. We take note of this concern as did the Third Circuit:

6

> We cannot ignore the conditions of confinement. Chavez-Alvarez is being held in detention at the York County [Pennsylvania] prison with those serving terms of imprisonment as a penalty for their crimes. Among our concerns about deprivations to liberties brought about by section 1226(c) is the reality that merely calling a confinement "civil detention" does not, of itself, meaningfully differentiate it from penal measures. Kansas v. Hendricks, 521 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997); see also Application of Gault, 387 U.S. 1, 27 (1967). As the length of the detention grows, the weight given to this aspect of . . . detention increases.

Chavez-Alvarez, 783 F.3d at 477.[6]

We find this reasoning applies equally to the instant case. The attorney general may, under proper circumstances release a criminal alien from detention pursuant to 8 U.S.C. § 1226(c)(2), whereas respondents argue that an arriving alien such as our petitioner, who has committed no crimes of record, is subject to mandatory detention in perpetuity under 8 U.S.C. § 1225(b)(IV). We find this argument runs far afield of traditional notions of due process, strains the logic of jurisprudence and gives rise to constitutional issues. Thus, we find Chavez-Alvarez both persuasive and controlling under the facts before us. Accordingly, we will overrule respondents' objection (Doc. 8) to Magistrate Judge Carlson's R&R (Doc. 7).

---

[6] Notably, Barthelemy is detained in the instant civil matter at York County Prison, presumably beside those serving terms of imprisonment as a penalty for their crimes, as was the case in Chavez-Alvarez. (See Doc. 1, Pet. at ¶ 1.)

**Conclusion**

Magistrate Judge Carlson's R&R and the authorities upon which it is based rest in congruency with the tenor and judicial disposition of this court. The R&R is incisive, standing enrooted in precedent, and for the reasons that follow, we will adopt the R&R.

We agree with petitioner that the government may only detain her for a reasonable amount of time and her detention period with no individualized bond hearing is unreasonable. We find that the protections afforded under <u>Chavez-Alvarez</u> apply.

In the case at bar petitioner has been detained without bond for considerably more than one year, and thus, is entitled to an individualized bond hearing. An appropriate order follows.

**Date: February 22, 2018**         **s/James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**